UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>  v.<br><br>ALAN ELISEO CAZARES-MIRANDA,<br><br>                    Defendant. | Case No. 22-cr-01026-BAS-3<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 115)** |

      Defendant Alan Eliseo Cazares-Miranda sold various firearms, including Glock switches (which can turn a semi-automatic handgun into a fully-automatic one), unserialized pistols, and at least one stolen firearm, as well as large amounts of methamphetamine and fentanyl to an undercover agent. (Presentence Report ¶¶ 4–30, ECF No. 73.) Defendant pled guilty to one count of transfer of unregistered firearms and one count of distribution of methamphetamine. (ECF No. 62.)

      At sentencing, the Court calculated Defendant's guideline range to be 151 to 188 months (based on a 34 base offense level and a criminal history category of I). However, the Court varied downward and imposed a sentence below the guideline range of 60 months

for the distribution of methamphetamine and 42 months for the transfer of unregistered firearms, with only 12 months to run consecutively, for a total sentence of 72 months.

After Defendant was sentenced, the U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023.  *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821.  Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders."  U.S.S.G. § 4C1.1.  This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history.  *Id.* § 4C1.1(a)(1)–(10).

Based on this guideline amendment, Defendant has now filed a Motion to Reduce Sentence.  (ECF No. 115.)  The Court referred the case to Federal Defenders for an evaluation. (ECF No. 116.)  Federal Defenders filed a status report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 118.)

Defendant is a zero-point offender.  Therefore, under the new guideline amendments, his base offense level would be decreased two points to a 32.  With a base offense level of 32 and a criminal history category of I, his new guideline range would be 121 to 151 months.

However, the Court varied downward from the original guideline range and sentenced Defendant to only 72 months in custody—60 months on one count and 42 months on the second count, with only 12 months consecutive on the second count.  Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range.  In this case, the low end of the amended guideline range is 121 months.  Since the Court sentenced Defendant to a lower sentence of 72 months, Defendant is not entitled to a reduced sentence.

Because the Court sentenced Defendant to a sentence lower than his amended guideline range, the Motion to Reduce Sentence (ECF No. 115) is **DENIED**.

    **IT IS SO ORDERED.**

**DATED: March 22, 2024**

Hon. Cynthia Bashant
United States District Judge